IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMIE L. WEST, | : |
| Plaintiff, | : |
| VS. | : NO. 5:20-CV-280-MTT-CHW |
| JAMES MARCUS WEST, | : |
| Defendant. | : |

### ORDER OF DISMISSAL

Plaintiff Jamie L. West, a prisoner in Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has not moved to proceed *in forma pauperis* or paid the $400.00 filing fee. For purposes of this dismissal alone, the Court will assume he wishes to proceed *in forma pauperis* and will allow him to do so.

### I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

1

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Additionally, a complaint may be dismissed for failure to state a claim when an affirmative defense, such as failure to exhaust administrative remedies or the statute of limitations, appears on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007).

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, *"[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an

2

act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1581 (11th Cir. 1995).   If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation); 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. ANALYSIS

Plaintiff is suing his father, James Marcus West, for failure to pay child support as ordered by the "Cherokee County Court."  ECF No. 1 at 3.  Plaintiff simply has not stated a claim for relief under 42 U.S.C. § 1983.  He has not alleged that a person acting under color of state law violated his constitutional or federal statutory rights.  *Hale*, 50 F.3d at 1581.  Instead, he alleges that his father, who is not a state actor, violated a state court order.  While his father may be in contempt of a state court order, this does not state a claim for relief under 42 U.S.C. § 1983.  Having failed to state a claim under 42 U.S.C. § 1983, the Court can discern no other basis for jurisdiction over this action.  This Court does not have jurisdiction to enforce a state court order to pay child support.  Plaintiff must pursue relief in the appropriate state courts.

3

Thus, Plaintiff's action is **DISMISSED** without prejudice.

**SO ORDERED,** this 24th day of August, 2020.

<pre>
                        S/ Marc T. Treadwell
                        MARC T. TREADWELL, CHIEF JUDGE
                        UNITED STATES DISTRICT COURT
</pre>